**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### No. 16-1934

FREDERIC SIMARD,

        Plaintiff - Appellant,

    v.

UNIFY, INC.,

        Defendant - Appellee,

    and

SIEMENS AG,

        Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:15-cv-01649-JCC-TCB)

Submitted: March 31, 2017                    Decided: May 9, 2017

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jesse I. Winograd, GOWEN RHOADES WINOGRAD & SILVA PLLC, Washington, D.C., for Appellant. William E. Grob, Karen L. Vossler, Joleen Okun, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederic Simard appeals the district court's order granting Unify, Inc.'s motion for summary judgment on his retaliation claim under the Age Discrimination in Employment Act of 1967, as amended, (ADEA), 29 U.S.C. §§ 621-634 (2012). Simard contends that the district court erred in finding that he did not establish a prima facie case of retaliation under the ADEA. Specifically, Simard faults the court's failure to consider his deposition testimony and declaration. Simard also contends that the court erred in its alternate reasoning that he failed to establish that Unify's nonretaliatory justification for termination was pretextual.

"We review the district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The ADEA forbids an employer from taking an adverse employment action against an employee because he opposes the employer's policy or practice that violates the ADEA. 29 U.S.C. § 623(d) (2012). Absent direct evidence of retaliation, a plaintiff asserting an ADEA claim must establish a prima facie case of retaliation under the burden-shifting

3

framework adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004). "If the plaintiff makes such a showing, the defendant must respond with evidence that it acted on a legitimate, non-discriminatory basis." *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334, 341 (4th Cir. 2008). In the face of the defendant's "lawful explanation for the alleged retaliatory action, the plaintiff must demonstrate that the defendant's reason for taking the adverse employment action was pretextual." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 429 (4th Cir. 2015).

We have reviewed the record and the parties' arguments, and we find no reversible error. Even if Simard established a prima facie case of retaliation, we conclude that granting Unify's motion for summary judgment was appropriate because Simard has failed to show that Unify's proffered nonretaliatory justification for termination was pretextual. As the district court concluded, Simard's supervisors consistently cited the same lawful reasons for his termination, and Simard failed to rebut these reasons as pretextual. Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*